UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re: )
)
THE YARD, INC. ) CASE NO: 01-41389 EDJ
)
    Debtor. ) MOTION FOR RELEASE OF
) UNCLAIMED FUNDS
_____)

There having been a dividend check in the amount of $6,675.35 issued in the above case to creditor PACHECO PROPERTIES, and said check having not been cashed by said payee, the Trustee of this Estate, pursuant to 11 U.S.C. Section 347(a), delivered the unclaimed dividend to the Clerk, U.S. Bankruptcy Court. These funds are currently being held in the Court's registry account of unclaimed funds.

The dividend check was not received because of a change of address. See certified declaration attached.

Motion is hereby made for an order directing the Clerk, U.S. Bankruptcy Court to cause a voucher to be issued resulting in the payment of said unclaimed funds in the total amount of $6,675.35 to:

> PACHECO PROPERTIES
> C/O ASSET RECOVERY TRUST
> P.O. Box 66
> Montrose, CA 91021

Dated: 6-10-0Y

Respectfully submitted,

Al Melone (locator)
ASSET RECOVERY TRUST
P.O. Box 66
MONTROSE, CA 91021
818-242-2175

```
1   JOHN T. KENDALL
    Trustee                                            FILED
2   2411 Santa Clara Avenue, Suite 12                  04 APR 12  AM 10:18
    Alameda, CA  94501
3   (510)864-1300
                                                       U.S. BANKRUPTCY COURT
                                                       NORTHERN DIST. OF CA.
4                   UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF CALIFORNIA
5

6   IN RE:                          )   CASE NO.  01-41389 EDJ7
                                    )
7   THE YARD, INC.,                 )   Chapter 7
                                    )
8                                   )   NOTICE OF UNCLAIMED
              Debtor.               )   DIVIDENDS
9   _____    )

10  TO THE CLERK, UNITED STATES BANKRUPTCY COURT

11      Pursuant to Federal Rule of Bankruptcy Procedure 3011, the
    Trustee in the above captioned case hereby turns over to the
12  Court, unclaimed dividends in the amount of $7,867.50.  The
    name(s) and address(es) of the claimants entitled to the
13  unclaimed dividends are as follows:

14  Claim # Name & Address of Claimant   Claim Amount   Dividend Amount

15      (See Attached Schedule)

16

17                              Total Unclaimed Dividends $7,867.50

18
                                       /s/ J. D. Kendall
19  Dated: 4/1/04                  _____
                                       JOHN T. KENDALL, Trustee
20

21

22

23

24

25

26

27
```

Case: 01-41389   Doc# 116   Filed: 08/17/05   Entered: 08/19/05 11:36:47   Page 2 of 13

## UNCLAIMED & UNDELIVERABLE CHECKS

**CASE NAME:** THE YARD INC
**CASE NUMBER:** 01-41389 J7

| CLAIM NO. | CREDITOR'S NAME AND ADDRESS | CLAIM AMOUNT | UNCLAIMED FUNDS |
|---|---|---|---|
| 2 | WYNNE SYSTEMS, INC<br>301 East Ocean Blvd #1750<br>Long Beach, Ca 90802 | $3,187.42 | $50.19 |
| 3 | NIXON-EGLI EQUIPMENT CO<br>24701 Clawiter Road<br>Hayward, Ca 94545 | $1,050.87 | $16.55 |
| 14 | IBM CREDIT CORP<br>275 Viger East, 4th Floor<br>Montreal | $71,474.00 | $1,125.41 |
| 18 | PACHECO PROPERTIES<br>C/O CLIFFORD R HORNER<br>1676 NC. California Blvd. Ste 200<br>Walnut Creek, Ca 94596-4157 | $423,946.21 | $6,675.35 |
|   |   | Total funds | $7,867.50 |

# LIMITED POWER OF ATTORNEY

I do hereby grant to ASSET RECOVERY TRUST, my sole true and lawful attorney-in-fact for me and in my name, place and stead, giving unto my attorney-in-fact full power to do and perform, on an exclusive basis, all and every act not constituting the practice of law that I may legally do through an attorney-in-fact, for the following limited purpose <u>and for no other</u>:

> To reclaim, recover, and return unclaimed funds in the amount of **$6,675.35** only, less agreed upon fee, to the signatory below.

I do hereby grant my attorney-in-fact every power necessary to carry out the limited purposes for which this limited power of attorney is granted, on an exclusive basis.

This Limited Power of Attorney revokes all previous powers of attorney granted for the purpose of obtaining dividends from this specific bankruptcy case.

I certify under penalty of perjury under U.S. Law that the foregoing is true and correct.

DATED __5/27/04__   SIGNED _[signature]_

NAME   MICHAEL E. HOWARD, Gen'l Partner

COMPANY   PACHECO PROPERTIES

---

SUBSCRIBED AND SWORN TO BEFORE ME THIS __27th__ DAY OF __MAY__, 2004,
TO CERTIFY WITNESS MY HAND AND OFFICIAL SEAL.

[SEAL]

NOTARY PUBLIC IN AND FOR __CONTRA COSTA COUNTY__

The State of __CALIFORNIA__

My Commission expires on __Dec 27 2006__

ROBERT J. ALDAPE
Commission # 1387435
Notary Public - California
Contra Costa County
My Comm. Expires Dec 27, 2006

MICHAEL HOWARD

## PACHECO PROPERTIES

Office: (925) 838-1069
Home: (925) 933-9843
mhoward33@sbcglobal.net

605 Miner Road
Orinda, CA 94563

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: THE YARD, INC.   CASE NO: 01-41389 EDJ

Debtor(s)

NOTICE OF SERVICE

Notice is hereby given to the Court that on ___6-10-04___ the U.S. Attorney for the Northern District of California was advised, via first class mail, of the intent of PACHECO PROPERTIES to apply for the release of unclaimed funds in the above referenced case.

Respectfully submitted,

Al Melone
ASSET RECOVERY TRUST
P.O. Box 66
Montrose, CA 91021
818-242-2175

# DECLARATION

I am A ~~the~~ General Partner of PACHECO PROPERTIES, a rightful creditor of Case 01-41389 EDJ, The Yard, Inc.

It appears the Trustees check did not reach our attorney, Clifford R. Horner, Esq., because of his change of address to 3240 Stone Valley Rd. W., Alamo, CA 94507.

The enclosed documents evidencing our right to this dividend are true and correct copies of the originals.

The original claim has not been sold or assigned and continues to belong to the partnership.

I certify under penalty of perjury under U.S. Law that the foregoing is true and correct.

_____
Michael E. Howard, General Partner


SUBSCRIBED AND SWORN to before me this 27th day of MAY 2004

_____
Notary Public

State of CALIFURNIA
County of CONTRA COSTA
Comission Expires Dec, 27, 2006

(SEAL)

ROBERT J. ALDAPE
Commission # 1387435
Notary Public - California
Contra Costa County
My Comm. Expires Dec 27, 2006

May 31, 2005

United States Bankruptcy Court
Northern District of California
P.O. Box 7341
San Francisco, CA 94120

Attention: Toni Taylor

Re: Case No. 01-41389, Claim: $6675.35, In re: The Yard

This letter is to authorize Michael E. Howard, a general partner of Pacheco Properties to collect the funds FOR the above referenced case.

I certify under penalty of perjury under U.S. Law that the foregoing is true and correct.

Sincerely,

*M.K. Bickerstaff*

Malvine K. Bickerstaff, General Partner
Pacheco Properties



ALAMO, CA
SCOTTSDALE, AZ

May 31, 2005

Clerk of the Court
United States Bankruptcy Court
The Northern District of California
1300 Clay Street, Suite 300
Oakland, CA 94604

Re: *In Re. The Yard*
United States Bankruptcy Court, Northern District California
Case No. 01-41389J7

Dear Clerk:

Please be advised that my name is Clifford R. Horner and that I represent my client Pacheco Properties, on whose behalf I filed a Proof of Claim in the above-referenced bankruptcy case of *The Yard, Inc.*, USBC N.D. California Case No. 01-41389.

I am currently an attorney with the firm of Berding & Weil LLP, 3240 Stone Valley Road, Alamo, CA 94507, Telephone No.: 925-838-2090.

To my knowledge, the Proof of Claim has not been sold or assigned, and the claimant is entitled to 100% of the unclaimed dividend. Neither myself, my firm, nor to my knowledge my prior firm, has any claim to any part of the funds.

I certify under penalty of perjury under U.S. Law that the foregoing is true and correct.

If you have any questions, please do not hesitate to contact me.

Sincerely,

**BERDING & WEIL, LLP**

Clifford R. Horner
chorner@berding-weil.com

3240 STONE VALLEY ROAD WEST, ALAMO, CALIFORNIA 94507-1558  TELEPHONE: 925.838.2090  FAX: 925.820.5592  www.berding-weil.com

Case: 01-41389   Doc# 116   Filed: 08/17/05   Entered: 08/19/05 11:36:47   Page 8 of 13

PACHECO PROPERTIES
A CALIFORNIA LIMITED PARTNERSHIP
LIMITED PARTNERSHIP AGREEMENT

This LIMITED PARTNERSHIP AGREEMENT (the "Agreement") is made and entered into as of May 9, 1985, by and between R. M. BICKERSTAFF and MALVINE K. BICKERSTAFF (hereinafter referred to individually as a general partner and collectively as the "General Partner"), and R.M. BICKERSTAFF, MALVINE K. BICKERSTAFF, MALVINE R. HOWARD, MICHAEL E. HOWARD, RICHARD R. BREAR, CAROLYN D. BREAR, and CHRISTIE A. McCOY (the "Limited Partners").

WHEREAS, the General Partner and the Limited Partners desire to form a limited partnership under the California Revised Limited Partnership Act.

NOW, THEREFORE, the parties hereto hereby agree and state as follows:

## SECTION 1

## DEFINITIONS

The following terms, when used in this Agreement, shall have the meaning set forth in this section.

1.1 **Assignee**. A person who has acquired a beneficial interest in this Partnership from a Limited Partner but who is not a substituted Limited Partner.

1.2 **Bankruptcy**. The institution of any proceedings under federal or state laws for relief of debtors, including filing of a voluntary or involuntary petition in bankruptcy or the adjudication as insolvent or bankrupt, or the assignment of the person's property for the benefit of creditors, or the appointment of a receiver, trustee or a conservator of any substantial portion of the person's assets, or the seizure by a sheriff, receiver, trustee or conservator of any substantial portion of the person's assets, and the failure, in the case of any of these events, to obtain the dismissal of the proceeding or removal of the conservator, receiver or trustee within sixty (60) days of the event.

1.3 **Capital Account**. As defined in Section 5.3.

1.4 **Cash Available For Distribution**. Total cash receipts generated by the Property and miscellaneous sources, including cash from operations of the Property, interest on Partnership cash, notes receivable and other short term

072-8505                              -1-

Case: 01-41389   Doc# 116   Filed: 08/17/05   Entered: 08/19/05 11:36:47   Page 9 of 13

investments and net cash proceeds from a sale, refinancing, or condemnation of the Property, including casualty insurance proceeds not used to rebuild or replace the Property, less cash expenditures, including fees for services to the General Partner, debt service, debt retirement and Property operating and selling expenses and amounts set aside for reserves.

1.5 Code. "Code" shall mean the Internal Revenue Code of 1954, as amended, or corresponding provisions of subsequent revenue laws.

1.6 Distribution Date. The date on which the General Partner declares Cash Available for Distribution. If there is Cash Available For Distribution, such dates shall occur not less frequently than once during each Partnership fiscal quarter and at such other intervals as the General Partner determines.

1.7 Distributions. Any cash or property distributed to Partners arising from their Units of ownership or other ownership interest in the Partnership, other than payments to Partners for services or as repayment of loans.

1.8 General Partner. R. M. BICKERSTAFF and MALVINE K. BICKERSTAFF, or any person or entity succeeding any such person or entity as general partner.

1.9. Invested Capital. The money or the value of property contributed to the Partnership as capital by any Partner, including contributions when this Partnership is formed and later contributions.

1.10 Limited Partner. Any limited partner to this Agreement, and any person who becomes a limited partner by substitution after receiving an assignment from a limited partner.

1.11 Majority. The Limited Partners collectively holding more than one-half of the Invested Capital of all the Limited Partners.

1.12 Minimum Gain. The excess, if any, as of the end of each Partnership fiscal year of the nonrecourse indebtedness secured by the Property over the Partnership's adjusted basis in such Property for federal income tax purposes.

1.13 Net Income or Net Loss. Partnership income or loss determined in accordance with the books and records regularly maintained by the Partnership for financial accounting purposes.

072-8505 -2-

Case: 01-41389   Doc# 116   Filed: 08/17/05   Entered: 08/19/05 11:36:47   Page 10 of 13

1.14 Partner. Any person who is a General Partner or a Limited Partner in this Partnership.

1.15 Partnership. The Partnership formed by this Agreement.

1.16 Property. The real property in Martinez, California, described at Exhibit A hereto, plus any tangible and intangible personal property transferred to the Partnership by the Partners, and any other property owned by the Partnership.

1.17 Tax Items. The net income, net losses, gains, deductions, and tax credits of the Partnership for federal income tax purposes, as determined by the Partnership's accountants.

1.18 Units. The Limited Partnership interests of the Limited Partners shall (i) represent Invested Capital of 2.12 percent of the Property per Unit in the Partnership and (ii) entitle the holder to the rights and interests of a Limited Partner as provided in the Partnership Agreement.

SECTION 2

FORMATION

2.1 Form and Certificate. The Partnership shall hold, operate and manage the Property and enter contracts as a limited partnership.

A "Certificate of Limited Partnership" under California Corporations Code Section 15621 shall be prepared, signed by the General Partner, and filed in the Office of the California Secretary of State.

2.2 Purpose. The purpose of the Partnership will be to acquire, develop and hold for investment the real property owned by the Partnership, and engage in any business activity related or incidental to the tangible or intangible property or to the real property owned by the Partnership.

2.3 Name. The name of the Partnership shall be PACHECO PROPERTIES, a California Limited Partnership.

2.4 Place of Business. The Partnership's principal place of business shall be 605 Miner Road, Orinda, California, 94563, or such other place of business as the General Partner may from time to time select.

145-8505

-3-

# Pacheco Properties

## Interests in Limited Partnership as of 9/01/02

| Partner's Name | Previous Ownership (As of 12/31/99) | Transfer upon death of Raymond Bickerstaff and Redesignation | Revised Ownership of Partnership (9/01/02) |
|---|---|---|---|
| *GENERAL PARTNERS* | | | |
| Raymond M. Bickerstaff and Malvine K. Bickerstaff, Trustees of the Bickerstaff Family Living Trust, | 15.2% | (15.2%) | 0% |
| Malvine K. Bickerstaff, Trustee of the Malvine K. Bickerstaff Revocable Trust | 0% | 1% | 1% |
| Michael E. Howard | 0% | 1% | 1% |
| Richard R. Brear | 0% | 1% | 1% |
| *LIMITED PARTNERS* | | | |
| Raymond M. Bickerstaff and Malvine K. Bickerstaff, Trustees of the Bickerstaff Family Living Trust | 35.1592% | (35.1592%) | 0% |
| Malvine K. Bickerstaff, Trustee of the Malvine K. Bickerstaff Revocable Trust | 0% | 13.259% | 13.259% |
| Malvine K. Bickerstaff, Trustee of the Raymond M. Bickerstaff Exemption Trust | 0% | 7.104% | 7.104% |

1

Case: 01-41389    Doc# 116    Filed: 08/17/05    Entered: 08/19/05 11:36:47    Page 12 of 13

| | | | |
|---|---|---|---|
| Malvine K. Bickerstaff, Trustee of the Raymond M. Bickerstaff Marital GST Exempt Trust | 0% | 9.334% | 9.334% |
| Malvine K. Bickerstaff, Trustee of the Raymond M. Bickerstaff Marital GST Non Exempt Trust | 0% | 19.662% | 19.662% |
| Malvine B. Howard | 8.4044% | | 8.4044% |
| Michael E. Howard | 8.4044% | (1.00%) | 7.4044% |
| Carolyn B. Brear | 8.4044% | | 8.4044% |
| Richard R. Brear | 8.4044% | (1.00%) | 7.4044% |
| Christie A. McCoy | 2.120% | | 2.120% |
| Holli H. Kaplan | 4.6344% | | 4.6344% |
| Daniel R. Brear | 4.6344% | | 4.6344% |
| Debbie Brear McGinley | 4.6344% | | 4.6344% |
| TOTALS: Limited Partnership Interests | 84.8% | | 97.0% |
| General Partnership Interests | 15.2% | | 3.0% |
| Total Interests | 100% | | 100% |

40000908.DOC

2